## GORE *v.* BALDWIN & COMPANY.

Though an account upon which an action was brought in a county court was on its face apparently barred by the statute of limitations, and though the plaintiffs alleged nothing to relieve the case from the bar of the statute, this court will not reverse a judgment of the superior court overruling a certiorari sued out by the defendant against whom a judgment, supported by evidence showing that the account was not in fact barred, was rendered in the county court, when the record discloses that the petition for certiorari did not complain of this judgment as being contrary

to either law or evidence, and assigned no error whatever except a denial by the county judge of a motion made at the trial term to dismiss the plaintiffs' action on the ground that it was barred by the statute; it further appearing from the record that the defendant had previously filed a plea of the statute of limitations, and also attempted a defense upon the merits by filing a plea of the "general issue," and it not appearing that he objected to any testimony introduced by the plaintiffs, or was in any manner surprised or deprived of any substantial right essential to the establishment of his defense.

Argued February 25, — Decided May 26, 1898.

Certiorari.   Before Judge Sheffield.   Terrell superior court. May term, 1897.

*J. G. Parks*, by *Harrison & Bryan*, for plaintiff in error.

LITTLE, J.   Baldwin & Company, surviving partners, instituted their action against W. E. Gore in the county court of Terrell county, to recover a judgment upon an open account. A bill of particulars was attached to the declaration, which from the date of the last item of the account showed that the same was apparently barred by the statute of limitations.   As recited in the record, the defendant filed the pleas of the "general issue" and the statute of limitations in bar of recovery. When the case was called in the county court both sides announced ready; and thereupon the counsel for the defendant in the action moved to dismiss plaintiffs' suit, for the reason that it appeared upon the face of the account attached to the petition that it was barred by the statute of limitations, and that no special reason was set up in the petition why it was not so barred.   The court overruled the motion to dismiss; the trial proceeded, and the plaintiffs introduced testimony showing that the account was not barred, because of the removal of the residence of the defendant beyond the limits of the State for a sufficient time to prevent the bar of the statute from attaching.   There being no evidence upon the part of the defendant on the merits of the case, a judgment was rendered in favor of the plaintiffs for the full amount of the account sued on, together with interest and costs.   The defendant Gore filed his petition to the superior court of Terrell county, alleging as error the ruling of the county judge in refusing to dismiss the case on his motion, because it appeared that the account was

barred by the statute; and prayed that a writ of certiorari might issue. The writ of certiorari was granted as prayed for, and on the hearing the court overruled the certiorari. To this judgment of the court plaintiff in error excepted; and the question which is presented to this court for determination is, whether the court below erred in overruling the certiorari.

Abstractly considered, the defendant's motion to dismiss was good; and if overruling it had resulted in any injury to him, the superior court should have sustained his certiorari. But it affirmatively and beyond doubt appears that the defendant was not injured by the denial of his motion to dismiss the plaintiffs' action. In his petition for certiorari he makes no complaint whatever of the judgment rendered against him. He does not allege that it was contrary to law or to evidence, but tacitly admits that it was just. Moreover, the evidence introduced in the county court shows that the plaintiffs' cause of action was not barred, and that the judgment was right. The defendant was not surprised by the plaintiffs' evidence. He did not object to it, or deny the truth of it, and it does not appear that he was deprived of any opportunity to disprove it. In not a single particular was the defendant denied any substantial right. There is not a suggestion in the record, other than as indicated by the fact that the defendant filed a plea of the "general issue," of any defense against the justice or correctness of the account sued on, and the defense of the statute of limitations is shown to have been without merit. The defendant's plea of the statute gave him as full opportunity to establish the defense thereby made as was necessary, but he was evidently unable to do so. It would seem, therefore, that his motion to dismiss was really useless, and certainly the denial of it did not prevent the defendant from proving his plea. Why then should there be another hearing of this case? In view of all the facts disclosed by the record, it is plain that the error of the county judge was harmless to the defendant. The case is very similar to those in which an erroneous refusal to grant a nonsuit is cured by testimony subsequently introduced by the defendant, which, in connection with the plaintiff's evidence, makes out the latter's case. It is quite certain that the cor-

rect result was reached in the county court, and that exact justice has been done. Consequently we will let the judgment stand.

*Judgment affirmed. All the Justices concurring.*